ADOLPH GOLDMARK & SONS CORP. *v.* UNITED STATES (No. 4420)[1]

United States Court of Customs and Patent Appeals, May 3, 1943

Sharretts & Hillis (*Arthur L. Tallman* of counsel) for appellant.
*Paul P. Rao*, Assistant Attorney General (*Joseph F. Donohue* and *Richard F. Weeks*, special attorneys, of counsel), for the United States.

[Oral argument April 7, 1943, by Mr. Edward P. Sharretts and Mr. Weeks]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division, overruling the protest of appellant against certain duty assessed on an importation of "Olde English Marmalade" by the Collector of Customs at the port of New York.

The collector assessed the merchandise at the rate of 35 per centum ad valorem under the provision of paragraph 751 of the Tariff Act of 1930 for marmalade, and assessed additional duty thereon pursuant to section 403 (a), subdivision (3) of the Sugar Act of 1937.

---

[1] C. A. D. 241.

The pertinent portion of the said sugar act reads as follows:

(a) In addition to any other tax or duty imposed by law, there shall be imposed, under such regulations as the Commissioner of Customs shall prescribe, with the approval of the Secretary of the Treasury, a tax upon articles imported or brought into the United States as follows:

    \*      \*      \*      \*      \*      \*      \* .

(3) On all articles composed in chief value of manufactured sugar 0.5144 cent per pound of the total sugars therein.

The only issue before the trial court was whether or not the sugar content of the marmalade was the component material of chief value and assessable for additional duty under the sugar act as aforesaid.

The case was tried in the city of New York and the record for appellant consists of a deposition taken in England pursuant to a commission, and a report of a Treasury attaché. The questions answered in the deposition are 20 in number. There were no cross-interrogatories.

The record discloses that the involved merchandise was manu-factured entirely of Seville oranges and sugar and exported by Chivers and Sons, Ltd., Histon, Cambridge, England  The sugar in the marmalade had been imported into England and assessed with duty. Upon exportation of the marmalade the exporter received as drawback or refund from the British Government 93 per centum of the amount of the import duty it had paid on the sugar in the marmalade.

It appears that the cost of the sugar to the manufacturer, including the duty paid thereon, is higher than the cost of the oranges, but that the cost of the sugar minus the duty is less than the cost of the oranges.

The trial court held the question of component material of chief value to be properly determined by the costs of the oranges and the sugar at the time those components were ready to be assembled or combined into the completed article, marmalade, citing the case of *United States* v. *Rice-Stix Dry Goods Co.*, 19 C. C. P. A. (Customs) 232, T. D. 45337.

Appellant does not question the rule of law, that the determination of the component material of chief value results from the relative costs of the component materials to the manufacturer at that stage of manufacture where nothing further remains to be done but to combine them, as announced by the Supreme Court in the case of *Seeberger* v. *Hardy*, 150 U. S. 420, and by this court in the *Rice-Stix Dry Goods Co.* case, *supra; United States* v. *Mrs. S. Bacharach,* 18 C. C. P. A. (Customs) 353, T. D. 44612; and *Turner & Co. et al.* v. *United States,* 12 Ct. Cust. Appls. 48, T. D. 39997. Appellant's contention is that the actual cost of the sugar component to the manufacturer at the time the oranges and sugar were combined is the cost of the sugar minus the 93 per centum refund of the duty. Therefore, the question to be decided here is whether or not the actual cost to the manufacturer is that cost prior to the payment of said refund or drawback.

The rule laid down in the decisions of this court is succinctly stated in the *Rice-Stix Dry Goods Co.* case, *supra:*

This court has repeatedly held that the proper method of determining component material of chief value is to ascertain the costs of the separate parts or component materials to the manufacturer *at the time they are ready to be assembled or combined into the completed article.* [Citing cases.] [Italics supplied.]

At the time the sugar and oranges 'were combined to form the resultant product, the sugar was the component material of chief value. Any drawback or refund of duty which the manufacturer received upon exportation of the marmalade, therefore, cannot be considered in computing the component material of chief value. The said refund, having become effective *after* the marmalade was manufactured, under the rule 'must be held not to affect the relative costs of the sugar and oranges in the product.

It seems to us under the facts in this case that exportation of "Olde English Marmalade" was being encouraged by the British Government by making it profitable to the manufacturer and exporter to export the marmalade by paying to the importer a rebate or drawback upon the exported goods measured by 93 per centum of the duty levied on the sugar used in its manufacture.

In view of what has hereinbefore been said, we cannot sustain the appellant's contention that the actual cost of the sugar entering into the manufacture of "Olde English Marmalade" is the cost of the sugar minus the duty refunded upon exportation.

The cases of *United States* v. *Passavant*, 169 U. S. 16, *Downs* v. *United States*, 187 U. S. 496, and *Nicholas & Co. et al.* v. *United States*, 7 Ct. Cust. Appls. 97, T. D. 36426, affirmed 249 U. S. 34, were discussed by the Government in its brief, principally for the purpose of showing that the terms "bounty," "grant," "drawback," etc., have been held to possess some significance. Those cases, however, are not at all in point here since they merely involve the question of market value.

The judgment of the United States Customs Court is *affirmed.*